IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TYRONE ALLEN ELLIS                                                                    PLAINTIFF

                    v.                              Civil No. 1:10-cv-01080

CIRCUIT JUDGE LARRY CHANDLER;
PROSECUTING ATTORNEY DAVID
BUTLER; DAVID TALLEY, JR., Public
Defender; PROSECUTING ATTORNEY
RYAN PHILLIPS; and CAPTAIN TRUMAN
YOUNG, Columbia County Detention Facility                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

     This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff,

Tyrone Ellis, is currently an inmate of the Arkansas Department of Correction, East Arkansas

Regional Unit.

     Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Robert T.

Dawson, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.  The case is before me for preservice screening under the provisions

of the Prison Litigation Reform Act.  Also pending before me is the Plaintiff's motion to proceed

*in forma pauperis* (ECF No. 6).

**1.  Background**

     Plaintiff filed a fourteen page complaint.  The first five pages of the complaint are on a form

provided by the Court for utilization in § 1983 cases filed by prisoners.  Plaintiff names Truman

Young, a Captain at the Columbia County Detention Facility (CCDF), as a Defendant.  At the time

he filed the complaint, Plaintiff was an inmate of the CCDF.  Plaintiff alleges that Captain Young

improperly opened Plaintiff's legal mail when he was not present.  The mail in question is a single

letter dated November 16, 2010, from the American Civil Liberties Union and marked "legal mail privileged." *See* (ECF No. 1 at pg. 8). As relief, Plaintiff seeks an award in the amount of 15 million dollars.

Pages six and seven of the complaint involve an entirely different set of facts. In this portion of the complaint, Plaintiff names Circuit Judge Larry Chandler, Prosecuting Attorney David Butler, Public Defender David Talley, Jr., and Prosecuting Attorney Ryan Phillips as Defendants. Plaintiff alleges he has been incarcerated since March 14, 2010. He indicates he has pending criminal charges, first degree murder and possession of a firearm, and a probation revocation charge.

On December 10, 2010, Plaintiff alleges he was present in the Columbia County Circuit Court for what he believed was a trial on both the pending charges and the parole revocation charge. He indicates witnesses were called to testify but there was no jury present and an article published in the Banner Newspaper that day reported that his criminal trial had been continued and the court proceeding dealt only with the probation revocation charge. Since testimony was taken, Plaintiff believes there should have been a finding as to his guilt or innocence.

As relief, he asks that the criminal charges be dropped and his probation reinstated. He also seeks monetary damages in the amount of 35 million dollars.

**2. Discussion**

As noted above, the Plaintiff is an inmate of the Arkansas Department of Correction, East Arkansas Regional Unit. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the

Court. First, a determination is made of whether the Plaintiff qualifies by economic status under §
1915(a) and, if so, to permit the complaint to be filed. Second, a determination is made whether the
causes of action stated in the complaint are frivolous, malicious, or are asserted against individuals
immune from suit and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856,
857 (8th Cir. 1982). *See also* 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the
complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon
which relief may be granted, or seeks monetary relief from a defendant who is immune from such
relief.); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he currently has no funds or assets.  The records from the
CCDF show his monthly balance  averaged fifty-two ($52.00) dollars.   The information supplied
by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for
*in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous or are asserted
against individuals immune from suit. First, the claims asserted against Captain Young are subject
to dismissal.  Plaintiff has alleged only a single incident of his legal mail being opened outside his
presence. "[A]n isolated incident, without any evidence of improper motive or resulting interference
with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional
violation."  *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997).

Second,  Judge Chandler is immune from suit under § 1983.   *Mireles v. Waco*, 502  U.S.
9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of
damages."); *see also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges
performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*,

-3-

15 F.3d 107, 108 (8th Cir. 1994).

Third, Prosecuting Attorneys David Butler and Ryan Phillips are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.

Fourth, David Talley, Jr., is not subject to suit under § 1983. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). David Talley, Jr., was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* (Doc. 6) be denied and the Complaint be dismissed in its entirety because the claims asserted are frivolous or are asserted against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of April 2011.

/s/ Barry A. Bryant
 HON. BARRY A. BRYANT
 UNITED STATES MAGISTRATE JUDGE